# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 7, 2016

| | |
|---|---|
| * * * * * * * * * * * * * * * * * | UNPUBLISHED |
| SHERMIAN P. DANIEL, M.D., * | |
| * | No. 10-745V |
| Petitioner, * | |
| * | Chief Special Master Dorsey |
| v. * | |
| * | Human Papilloma Virus ("HPV") |
| SECRETARY OF HEALTH * | Vaccination; Multiple Sclerosis |
| AND HUMAN SERVICES, * | ("MS"); Pre-Existing Acute |
| * | Disseminated Encephalomyelitis |
| Respondent. * | ("ADEM"); Significant Aggravation. |
| * * * * * * * * * * * * * * * * * | |

<u>Robert J. Krakow</u>, Law Office of Robert J. Krakow, P.C., New York, NY, for petitioner.
<u>Debra Filteau Begley</u>, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On October 29, 2010, Shermian Daniel ("petitioner") filed a petition in the National Vaccine Injury Compensation Program[2] alleging that the Human Papilloma Virus ("HPV") vaccinations she received on August 31, 2007, and October 30, 2007, caused a significant aggravation of pre-existing acute disseminated encephalomyelitis ("ADEM") and/or multiple sclerosis ("MS"). Petition at ¶ 22. Petitioner later amended her petition, alleging only that the October 30, 2007 vaccination was the cause of her alleged injuries. Amended Petition at ¶ 50.

On October 6, 2016, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation. Respondent denies that the HPV vaccination either

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

caused or significantly aggravated petitioner's alleged injuries or any other injury, and denies that petitioner's current disabilities are the result of a vaccine-related injury.

Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

**A lump sum of $350,000.00 in the form of a check payable to petitioner, Shermian P. Daniel.**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). Stipulation dated October 6, 2016 (ECF No. 140) at ¶ 8.

The undersigned approves the requested amount for petitioners' compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.